

**ORIGINAL**

**FILED**

08/16/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0233

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### DA 22-0233

IN RE THE MARRIAGE OF:

ESTATE OF PAMELA PASTEUR HATCH,

Co-Petitioner and Appellee,

and

JEFFERY D. HATCH,

Co-Petitioner and Appellant.

FILED

AUG 16 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Self-represented Appellant Jeffery D. Hatch (Jeffery) has filed an "Emergency appeal on Rule 22 order from the Eleventh Judicial District Court, Kalispell, Montana. Cause No. DR-15-2019-776" in this marital dissolution proceeding. We deem his pleading a motion to suspend the supersedeas bond that the Flathead County District Court imposed when it granted his stay on July 12, 2022. Through counsel, the Estate of Pamela Pasteur Hatch (Estate) has filed a response in opposition.[1]

M. R. App. P. 22(1)(b) provides, in part: "If the appellant desires a stay of execution, the appellant must, unless the requirement is waived by the opposing party, obtain the district court's approval of a supersedeas bond which shall have 2 sureties or a corporate surety as may be authorized by law."

Jeffery contends good cause exists for the suspension of the $100,000 supersedeas bond requirement. He states that while the District Court granted his motion for a stay, he must provide the Clerk of District Court a supersedeas bond in the amount of $100,000.

---

[1] The Estate explains that Jeffery and his former wife, Pamela Pasteur Hatch, sought a Joint Petition of Dissolution in October 2019, and that the District Court entered an agreed-upon Property Distribution and Final Dissolution Decree within a week. Pamela died, however, before the property-at-issue sold.

Jeffery seeks to stop the District Court from selling the former marital home under a Rule 70 appointment, which is the Order on appeal. He argues that he never received notice of the April 26 hearing for the appointment.

The Estate counters that denial of Jeffery's motion is appropriate under Montana law. The Estate points out that his motion for relief is not allowed under the Montana Rules of Appellate Procedure. Moreover, the Estate puts forth that the rule concerning supersedeas bond is clear where no suspension is allowed unless the "requirement is waived by the opposing party[.]" M. R. App. P. 22(1)(b). The Estate maintains that it did not waive the bond requirement and that the amount is appropriate, pursuant to M. R. App. P. 22(1)(b), such as costs of the action and costs on appeal. The Estate adds that Jeffery has raised arguments in his motion that are new on appeal. *See State v. Martinez*, 2003 MT 65, ¶ 17, 314 Mont. 434, 67 P.3d 207 (this Court will not address new arguments or new legal theories on appeal.).

Upon review of Jeffery's pleading and the Estate's response, we conclude that M. R. App. P. 22(1)(b) requires the imposition of a supersedeas bond when "the appellant desires a stay of execution[.]" Jeffery provides no good cause otherwise. We point out that this Court received the District Court's record on June 22, 2022, and that Jeffery filed his opening brief on July 25, 2022. Therefore,

IT IS ORDERED that Jeffery's Emergency appeal on Rule 22 order from the Eleventh Judicial District Court, Kalispell, Montana. Cause No. DR-15-2019-776, deemed a motion to suspend supersedeas bond, is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jeffery D. Hatch personally.

DATED this 16 day of August, 2022.

_____
Chief Justice

_____

2

_____

_____

_____
Justices